No. 17-2536

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

v.

WAYNE A.G. JAMES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of the Virgin Islands
(Dist. Ct. No. 3-15-cr-00042) (Hon. Curtis V. Gomez)

**APPELLEE'S MOTION TO EXPEDITE THE APPEAL**

This is an interlocutory appeal in a criminal case out of the District of the Virgin Islands. The United States of America, by and through undersigned counsel, hereby moves to expedite the appeal so that the appeal may be calendared for oral argument at the Court's next sitting in the Virgin Islands, likely in December 2017. In support of this motion, counsel states as follows:

1. On October 1, 2015, a grand jury sitting in the District of the Virgin Islands returned an indictment charging defendant-appellant Wayne James, a former senator in the Legislature of the Virgin Islands, on three counts of wire

1

fraud and federal program embezzlement. James was arrested in Italy in June 2016 and extradited to the United States in August 2016. Trial was initially scheduled to begin on October 17, 2016, but ultimately was continued until February 13, 2017. Ten days before trial, and two days after the district court denied James's third motion to continue, James moved to dismiss the indictment on the ground that it violates the "speech or debate" provision of the Revised Organic Act of 1954, 48 U.S.C. § 1572(d). The district court orally denied James's motion on February 7, 2017.

James filed a notice of appeal from the district court's February 7 ruling and this Court docketed his appeal. *See* 3d Cir. No. 17-1331. The Court granted the Government's motion to expedite the appeal and ordered that the case be scheduled for disposition during the week of May 1, 2017, in the Virgin Islands. Ex. A (Order dated Feb. 27, 2017). After briefing was complete but before oral argument, the Court dismissed James's appeal for lack of appellate jurisdiction. Ex. B (Judgment Order dated April 12, 2017). The Court recognized that "[g]enerally, rejections of speech-or-debate clause immunity are collaterally appealable," but determined that "the District Court's February 7 oral order was not a definitive decision, even on the speech-or-debate issue," because it "expressly contemplated further review of supplemental materials." *Id.* at 1. The Court concluded that the February 7 order was not "a conclusive and final

resolution of the speech-or-debate issue" and, accordingly, that it lacked jurisdiction to consider the question. *Id.* at 2.

2. After the case was remanded, on July 13, 2017, the district court conclusively denied James's motion to dismiss at a supplemental hearing. Dist. Ct. Doc. Nos. 150, 151. James filed a notice of appeal the next day, Dist. Ct. Doc. No. 152, and this Court docketed the instant appeal on July 24, 2017. The district court provisionally has rescheduled trial for October 2, 2017. Dist. Ct. Doc. No. 153. But, reflecting the likelihood that James's appeal will not be resolved by then, the court directed the parties to apprise it of the status of this appeal on the fifteenth day of each month. *Id.*

3. The Government respectfully requests that briefing in this appeal be expedited and that the appeal be calendared for disposition during the Court's next sitting in the Virgin Islands, which will likely be in December 2017 as the Court traditionally sits for oral argument in the Virgin Islands in December.

Exceptional reasons exist for expediting this appeal. *See* 3d Cir. R. 4.1. The case is in an interlocutory posture and the indictment was returned twenty-two months ago. The Supreme Court has noted that "delays and disruptions attendant upon intermediate appeal . . . are especially inimical to the effective and fair administration of the criminal law." *Abney v. United States*, 431 U.S. 651, 657 (1977) (quotation marks and citation omitted); *see also United States v.*

*MacDonald*, 435 U.S. 850, 862 (1978) (noting the "societal interest" in a speedy criminal trial (quotation marks and citation omitted)). And this Court already recognized that the circumstances of this case warrant expedition when it ordered on February 27, 2017, that James's first appeal be expedited. Ex. A. The passage of five months since that ruling provides even stronger grounds for ordering expedition here.

This appeal is also limited to a single issue: whether the indictment in this case violates the statutory speech or debate protections of 48 U.S.C. § 1572(d). *See United States v. McDade*, 28 F.3d 283, 288-89 (3d Cir. 1994) (collateral order doctrine confers only limited appellate jurisdiction). And because the parties already briefed that issue earlier this year, in the appeal that was ultimately dismissed on jurisdictional grounds, preparing the briefs in this appeal will not be particularly time-consuming. Indeed, the only material change to the record since the first appeal is the district court's supplemental ruling on the motion to dismiss at the July 13, 2017, hearing.[1]

Even apart from this case, the Court has previously ordered expedited briefing schedules in interlocutory appeals where speech or debate privileges were asserted. *See, e.g.*, *United States v. Menendez*, No. 15-3459 (Dec. 11, 2015);

---

[1] The court reporter has already prepared the transcript of the July 13, 2017, supplemental hearing.

*In the Matter of the Search of Electronic Communications (Fattah)*, No. 14-3752 (Oct. 10, 2014). Given the Court's order expediting James's previous appeal, the pretrial posture of this case, and the single issue on appeal, the Court should again order that his appeal be expedited.

4. In response to the Government's motion to expedite the previous appeal, James maintained that oral argument should be heard in the Virgin Islands. 3d Cir. No. 17-1331, Appellant's Resp. to Mot. to Expedite Appeal at 8-9 (2/24/2017). The Government does not oppose holding oral argument in the Virgin Islands and is proposing a schedule that ensures this appeal will be heard during the Court's end-of-year sitting in the Virgin Islands. But without an order expediting the appeal, the possibility exists that briefing will not be concluded in time for that sitting, which would mean that, if the case is to be heard in the Virgin Islands, it could not be heard until next spring. Given the interlocutory posture of this case, the Government would oppose holding over this appeal for disposition at a 2018 sitting in the Virgin Islands.

5. If expedition is ordered, the Government respectfully requests that James be required to file his opening brief on September 22, 2017; the Government be required to file its answering brief three weeks later (*i.e.*, October 13, 2017); and James be required to file any reply brief two weeks later (*i.e.*, October 27, 2017). That schedule gives appellant James more than seven weeks

from the date of this motion to file his opening brief, but it would ensure that briefing is completed before the Court's next sitting in the Virgin Islands. It also ensures that the panel assigned to this appeal will have adequate time to review the briefs before oral argument.

 6. Counsel for appellant James, Omodare Jupiter and Brendan Hurson, informed undersigned counsel that they oppose this motion.[2]

---

[2] The Government originally proposed a schedule requiring that the opening brief be filed four weeks from the date of the Court's ruling on this motion, rather than on September 22, but pushed back the proposed deadline after opposing counsel informed the Government that, while they continue to oppose a motion to expedite and they oppose a September 22 deadline for the opening brief, the September 22 date works better for them in light of their schedule in other pending matters.

For the foregoing reasons, the Court should expedite this appeal.

                                      Respectfully submitted,

| | |
|---|---|
| JOYCELYN HEWLETT<br> Acting United States Attorney<br> District of the Virgin Islands | KENNETH A. BLANCO<br> Acting Assistant Attorney General<br><br>TREVOR N. McFADDEN<br> Deputy Assistant Attorney General |
| DELIA L. SMITH<br> Assistant U.S. Attorney<br> District of the Virgin Islands | AMANDA R. VAUGHN<br>MARK CIPOLLETTI<br> Trial Attorneys, Public Integrity Section |

                                      /s/ John-Alex Romano
                                      _____
                                      JOHN-ALEX ROMANO
                                       Attorney, Appellate Section
                                       Criminal Division
                                       U.S. Department of Justice
                                       950 Pennsylvania Avenue, NW
                                       Washington, D.C. 20530
                                       (202) 353-0249
                                       John-Alex.Romano@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This motion response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains **1,393** words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Calisto MT 14-point font in text and footnotes.

/s/John-Alex Romano
_____
JOHN-ALEX ROMANO
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 353-0249
John-Alex.Romano@usdoj.gov

## CERTIFICATE OF SERVICE

    I, John-Alex Romano, do hereby certify that, on August 3, 2017, I electronically filed the foregoing Motion with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the CM/ECF system, which will send notification of the filing to all registered CM/ECF users who have entered an appearance in the case.

                              /s/ John-Alex Romano
                              _____
                              JOHN-ALEX ROMANO, Attorney
                              Appellate Section, Criminal Division
                              U.S. Department of Justice
                              950 Pennsylvania Ave, NW
                              Washington, DC 20530
                              Tel. (202) 353-0249
                              John-Alex.Romano@usdoj.gov

# Exhibit A

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
February 24, 2017
ECO-018-E

No. 17-1331

United States of America

v.

Wayne A.G. James,

Appellant

(D.V.I. No. 3-15-cr-00042-1)

Present: GREENAWAY, Jr., SHWARTZ and FUENTES, <u>Circuit Judges</u>

1. Motion by Appellee to Expedite, together with Proposed Briefing.

   i. Appellant's brief due Twenty-one (21) days after the ruling on the motion to expedite

   ii. Appellee's brief due Fourteen (14) days thereafter

   iii. Appellant's Reply brief, if any, due Seven (7) thereafter.

2. Response by Appellant to Motion to Expedite.

3. Clerk's Submission for Possible Dismissal on Jurisdictional Defect.

4. Response by Appellant to Clerk's Order Listing for possible dismissal on jurisdictional defect.

5. Response by Appellee to Clerk's Order Listing for possible dismissal on jurisdictional defect.

                                                  Respectfully,
                                                  Clerk/tyw

_____ORDER_____

     The foregoing motion to expedite is GRANTED. Briefing shall proceed as proposed by the government. The case will be scheduled for disposition during the week

of May 1, 2017, in the Virgin Islands.

The issue of jurisdiction is referred to the merits panel. See 3d Cir. I.O.P. 10.3.5 (2015). The parties are advised that this order does *not* represent a finding of appellate jurisdiction in this matter. As in all cases, the panel of this court that reviews the appeal on its merits will make a final determination of appellate jurisdiction. The parties should address jurisdiction in their briefs.

By the Court,

s/Joseph A. Greenaway, Jr.
Circuit Judge

Dated: February 27, 2017
tyw/cc: Brendan A. Hurson, Esq.
Omodare B. Jupiter, Esq.
Justin D. Weitz, Esq.
Amanda R. Vaughn, Esq.

# Exhibit B

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1331
_____

UNITED STATES OF AMERICA

v.

WAYNE A.G. JAMES,

Appellant
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
(D.C. Crim. Action No. 3-15-cr-00042-001)
District Judge: Honorable Curtis V. Gómez
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

_____

JUDGMENT ORDER
_____

This case is dismissed for lack of appellate jurisdiction.

Generally, rejections of speech-or-debate clause immunity are collaterally appealable. *Helstoski v. Meanor*, 442 U.S. 500, 506–08 (1979); *Youngblood v. DeWeese*, 352 F.3d 836, 838 (3d Cir. 2003). However, the District Court's February 7 oral order was not a definitive decision, even on the speech-or-debate issue. That order expressly contemplated further review of supplemental materials. As such, it was not "made with the expectation that [it] will be the final word on the subject addressed." *Praxis*

*Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 54–55 (3d Cir. 1991). Rather, the District Court's February 7 oral order was "tentative, informal or incomplete." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). Those supplemental materials were then submitted—along with a second round of submissions permitted by court order—but no subsequent, final order was issued reflecting additional review.

Moreover, Appellant filed a motion asking the District Court, among other things, to conclusively and formally rule on the speech-or-debate issue. The District Court has not done so, even though it has acted on other motions. In this context, we cannot interpret the District Court's silence—over a very short period of time—as indicating that the tentative February 7 order had crystallized into a final order. The District Court was given an opportunity to say as much and declined the invitation. There is no indication that "no further consideration is contemplated by the district court." *Martin v. Brown*, 63 F.3d 1252, 1259 (3d Cir. 1995). Without a conclusive and final resolution of the speech-or-debate issue, we lack appellate jurisdiction to consider the question.

We encourage the District Court to enter a final decision and order on the defendant's motion, taking into account the supplemental materials and making whatever formal findings of fact that are necessary. *See United States v. Menendez*, 831 F.3d 155, 164 (3d Cir. 2016) (noting that we review speech-or-debate findings of fact for clear error); *see also* Fed. R. Crim. P. 12(d) ("When factual issues are involved in deciding a [pretrial criminal] motion, the court must state its essential findings on the record."). The

2

District Court should issue its decision in advance of trial so that we may review it.  *See, e.g., United States v. Modanlo*, 762 F.3d 403, 410-13 (4th Cir. 2014).

                By the Court,

                <u>s/Joseph A. Greenaway, Jr.</u>
                Circuit Judge

ATTEST:

<u>s/ Marcia M. Waldron</u>
Clerk

Dated:      April 12, 2017