No. 17-1331

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

v.

WAYNE A.G. JAMES,
Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE

VIRGIN ISLANDS, DIVISION OF ST. THOMAS AND ST. JOHN

APPELLANT WAYNE A.G. JAMES - APPENDIX I
PAGES 1-11

OMODARE JUPITER
Federal Public Defender
1115 Strand Street, 2nd Floor
Christiansted, VI 00820
Tel (340) 773-3585
Fax (340) 773-3742

BRENDAN A. HURSON
Assistant Federal Public Defender
1336 Beltjen Rd., Suite 202
Charlotte Amalie, VI 00802
Tel: (340) 774-4449
Fax: (340)776-7683

*Counsel for Appellant Wayne A.G. James*

# APPENDIX TABLE OF CONTENTS

## VOLUME I

NOTICE OF APPEAL....................................................................................1

COURT ORDER (TRANSCRIPT EXCERPT) ..........................................3

## VOLUME II

DOCKET ENTRIES ....................................................................................12

INDICTMENT [1] ......................................................................................33

MOTION TO DISMISS INDICMENT [87] ............................................40

DEFENDANT'S MOTION TO FILE SUPPLEMENT UNDER SEAL [88] .......83

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND
VERDICT FORM [93] ...............................................................................86

GOVERNMENT OPPOSITION TO MOTION TO DISMISS [103]..................106

OMNIBUS HEARING TRANSCRIPT.................................................133

## VOLUME III

DEFENDANT'S MOTION TO FILE EXHIBIT UNDER SEAL [109] ............232

GOVERNMENT MEMORANDUM IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS [114]..................................235

DEFENDANT'S NOTICE OF FILING RESPONSE
TO COURT'S ORAL ORDER [119]......................................................242

DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD [120].............249

DEFENDANT'S SUPPLEMENT DATED MARCH 16, 2017[141]..................254

## VOLUME IV – UNDER SEAL

DEFENDANT'S UNREDACTED MOTION TO DISMISS [92] ........................ 405

GRAND JURY TRANSCRIPT ......................................................................... 431

GOVERNMENT OPPOSITION TO MOTION TO DISMISS ........................... 481

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
                           * * *
UNITED STATES OF AMERICA,    )
                   Plaintiff )
                             )
          V.                 )
                             )
                             )      NO. 15-CR-42
WAYNE A.G. JAMES             )
                             )
          Defendant.         )
```

### NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

Notice is hereby given that Defendant Wayne A.G. James appeals to the United States Court of Appeals for the Third Circuit from the oral order of Judge Curtis V. Gomez of the District Court of the Virgin Islands on February 7, 2017 denying, without prejudice, Mr. James' MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR SUPPRESSION OF EVIDENCE OBTAINED IN VIOLATION OF SPEECH OR DEBATE IMMUNITY GRANTED BY 48 U.S.C. § 1572 (d) (Docket # 87).

```
                         Respectfully submitted,

                         OMODARE B. JUPITER
                         FEDERAL PUBLIC DEFENDER

                         /s/ Omodare B. Jupiter
                         OMODARE B. JUPITER
                         Federal Public Defender
                         1115 Strand Street
                         St. Croix, VI 00820
                         Tel (340) 773-3585
                         Fax (340) 773-3742
                         E-mail: Omodare_jupiter@fd.org
```

**APP.1**

**CERTIFICATE OF SERVICE**

  I, HEREBY CERTIFY that on the 9th day of February, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ronald W. Sharpe
United States Attorney

Amanda R. Vaughn
Justin D. Weitz
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20005
(202) 616-4530 (office)
(202) 714-4232 (cell)
Amanda.vaughn@usdoj.gov
Justin.Weitz@usdoj.gov


            */s/ Omodare B. Jupiter*

**APP.2**

```
12:22:46   1              RULING BY THE COURT
12:22:47   2       THE COURT:  All right.  Before the Court is
12:22:53   3   defense's motion to suppress certain evidence and also
12:22:56   4   to dismiss the indictment.
12:22:59   5       There's a threshold issue that the Court needs to
12:23:06   6   tend to, and that is whether the Speech or Debate Clause
12:23:09   7   applies here.
12:23:10   8       The government suggests that it does not,
12:23:13   9   proceeding primarily on the theory that the Revised
12:23:18  10   Organic Act is a constitution, should be -- for the
12:23:22  11   Virgin Islands, should be treated like a local
12:23:24  12   constitution or local law.
12:23:27  13       And the government is correct in one respect, but
12:23:30  14   not in another.  It has been regarded as the
12:23:33  15   constitution for the Virgin Islands.  It is the thing
12:23:35  16   that sets up the organic structure for the government,
12:23:39  17   for the Virgin Islands.  It creates three branches,
12:23:44  18   separate and equal, among other things.
12:23:49  19       Significantly, though, it is a federal statute.
12:23:54  20   There is nothing that makes it anything less than a
12:23:58  21   federal statute.
12:23:59  22       While it might be something -- while it might have
12:24:02  23   another purpose, and that purpose has served as the
12:24:04  24   thing that sets up the system of government in the
12:24:07  25   Virgin Islands, it still is a federal statute.
```

**APP.3**

```
12:24:11   1          And a federal statute on its face reflects the
12:24:15   2    intent of Congress.  And the intent of Congress was to
12:24:18   3    make the Speech or Debate Clause applicable here.
12:24:23   4          And as the Supreme Court has said in at least one
12:24:26   5    other instance, if the Congress chose to, it could make
12:24:30   6    the Speech or Debate Clause applicable.  I think it was
12:24:33   7    in Tennessee.  If it chose to.
12:24:36   8          In this case, the Congress chose to make it
12:24:41   9    applicable in the Virgin Islands.  And the Court would
12:24:47  10    have to take a tortured reading of the statute and its
12:24:52  11    intent to reach the conclusion that somehow it's not
12:24:56  12    applicable.
12:24:59  13          Having resolved that threshold issue, the next
12:25:02  14    question is whether, one, there is a prima facia case
12:25:07  15    that's been established by the government; two, whether
12:25:10  16    there has been some demonstration that there is some
12:25:13  17    legislative act that would trigger the application of
12:25:17  18    the Speech or Debate Clause.
12:25:20  19          And the Court finds that there is a prima facie
12:25:24  20    case that has been made here.
12:25:27  21          The question now is whether there's some
12:25:28  22    legislative act that would trigger the Speech or Debate
12:25:36  23    Clause.
12:25:36  24          This is not an easy question.  None of these
12:25:38  25    questions are easy when it comes to application or
```

```
12:25:43   1    triggering the Speech or Debate Clause.  Because some
12:25:49   2    act arguably my implicate speech or debate that is
12:25:53   3    contemplated by the clause, doesn't mean that
12:25:55   4    necessarily is so.
12:25:57   5        And while there is an argument that some conduct
12:26:05   6    contemplated may be implicated by the conduct here, the
12:26:13   7    Court is not persuaded that there is some legislative
12:26:18   8    act.  There is -- it is not clear that there's some
12:26:27   9    significant legislative component to the acts undertaken
12:26:30  10    by Mr. James that would trigger the protection of the
12:26:33  11    Speech or Debate Clause.
12:26:38  12        Now the Court makes this finding and holds this way
12:26:41  13    in light of the record currently before it.  So this is
12:26:44  14    without prejudice to the defense submitting such other
12:26:47  15    matters as it referred to, as it feels would inform the
12:26:51  16    Court.
12:26:51  17        So I'm going to give the defense until, I guess
12:26:56  18    3:30 today to submit and supplement the record with the
12:27:01  19    materials to which defense counsel referred, which he
12:27:08  20    did not have presently at his disposal.
12:27:11  21        There's a final issue that remains outstanding, and
12:27:14  22    that's the issue of the warrant.  It is a facial attack,
12:27:17  23    and I believe defense acknowledges that the Hotmail
12:27:22  24    search warrant is one that on its face meets all the
12:27:30  25    requisites that would lead the Court to conclude that it
```

**APP.5**

```
12:27:32   1    is valid on its face.  The question is with the Yahoo
12:27:37   2    Account.
12:27:37   3         Defense counsel points out that there might be some
12:27:39   4    issue with respect to the breadth and depth of that, and
12:27:43   5    there might be some issue with respect to the
12:27:45   6    qualifications, or the stated qualifications of the
12:27:48   7    affiant to make certain representations.
12:27:53   8         The Court finds that the representations with
12:27:56   9    respect to the qualifications of the affiant do not
12:28:01  10    place its qualifications in doubt to make some of the
12:28:04  11    representations in the affidavit.  And significantly,
12:28:07  12    the Court doesn't find that on its face the affidavit is
12:28:12  13    a free-for-all when it comes to searches in a time and
12:28:18  14    scope in a way that is constitutionally permissible.
12:28:22  15         So with respect to the search warrant issue, the
12:28:24  16    Court finds there's no basis to grant the defense's
12:28:27  17    petition.
12:28:28  18         Similarly, with respect to the triggering of the
12:28:34  19    Speech or Debate Clause, the Court appreciates the
12:28:36  20    defense's position, but is not persuaded that it's the
12:28:39  21    winning argument at this point.
12:28:43  22         I think that resolves our issues, Counsel.
12:28:46  23         We are set for trial on Monday.  As I said, this is
12:28:50  24    without prejudice to the defense providing such
12:28:53  25    additional support as it feels it has at its disposal,
```

```
12:29:03   1    and the Court will rule promptly if that alters the
12:29:08   2    Court's judgment.
12:29:09   3          All right.  Let me ask counsel, I think I said
12:29:14   4    3:00.  Did I say 3:00 or 3:30?
12:29:16   5          MR. HURSON:  You may have lost a half hour.
12:29:18   6    You said 3:30, Your Honor.  At least that's what I
12:29:21   7    heard.
12:29:21   8          MR. WEITZ:  I heard 3:30 as well.
12:29:23   9          THE COURT:  All right.  Let me ask counsel to
12:29:25  10    be available at 3:30.  That's not to say we will have a
12:29:27  11    hearing then, but in the event there is one, based on
12:29:31  12    what's submitted, I'll need you to come to court to be
12:29:34  13    heard on that.
12:29:35  14          MR. HURSON:  Thank you, Your Honor.
12:29:35  15          THE COURT:  Thank you, counsel.
12:29:36  16          MR. WEITZ:  Your Honor, may the government
12:29:38  17    raise one issue?
12:29:39  18          THE COURT:  Yes.
12:29:39  19          MR. WEITZ:  It will be very brief, Your Honor.
12:29:40  20       The government noticed several weeks ago its intent
12:29:43  21    to introduce several documents that are kept in the
12:29:46  22    ordinary course of business under Federal Rules of
12:29:48  23    Evidence 902(11) and 803(6).
12:29:51  24       As per the rule, we've haven't seen any objection
12:29:54  25    from the defendant on these issues, and we intend to not
```

```
12:29:57   1    call the custodians.  There has been no objection to
12:30:00   2    date.
12:30:00   3         It seems unfair to require people to come from
12:30:04   4    California or Washington State to the Virgin Islands.
12:30:06   5    And since there's been no objection, the government
12:30:08   6    intends to cancel those individuals' travel.
12:30:12   7         We want to make sure the Court and the defendant
12:30:14   8    are aware of that.
12:30:15   9              THE COURT:  Well, I can't speak for the defense
12:30:16   10   counsel.  You say there's currently no objection.  That
12:30:19   11   doesn't mean that there won't be one, even leading up to
12:30:22   12   trial.  So if there's some arrangement that you have
12:30:25   13   between your brother and yourself, then certainly you
12:30:30   14   can explore that.
12:30:32   15        But stating that you're not going to -- you know,
12:30:40   16   you will proceed in accordance with what the law
12:30:42   17   requires.  But if you're suggesting your brother may, I
12:30:47   18   guess, be foreclosed from objecting, I don't know if
12:30:50   19   that is the case.
12:30:51   20             MR. WEITZ:  Your Honor, we would ask the Court
12:30:53   21   to just make clear -- I suppose we would move the Court
12:30:56   22   to take notice of our notice that was filed several
12:30:59   23   weeks ago, note that the rule requires an objection from
12:31:03   24   the defendant or another party in order to invalidate
12:31:07   25   the admissibility of those custodials certificates, and
```

```
12:31:10   1    allow us to cancel that travel by ruling that they will
12:31:14   2    be admissible, those documents that were noticed will be
12:31:17   3    admissible absent a custodian appearing here in this
12:31:20   4    courtroom.
12:31:20   5            THE COURT:  I think what I said is currently
12:31:23   6    have no objection.  I don't know if that forecloses your
12:31:26   7    brother from making some objection at some later time,
12:31:28   8    though.  That's why I think it's some accommodation, to
12:31:33   9    the extent there is one, that you reach with your
12:31:34  10    brother.
12:31:35  11        But I don't know if you're asking the Court to
12:31:37  12    force your brother to make an accommodation or to state
12:31:44  13    the position whether they intend to object or not.
12:31:48  14            MR. WEITZ:  We're not asking the Court to force
12:31:50  15    the defendant to do anything.  What we're asking the
12:31:52  16    Court to do is rule, pretrial and in limine, that those
12:31:57  17    custodial certificates will be sufficient to admit the
12:32:00  18    evidence that's referred to in that notice, absent the
12:32:04  19    presence of a custodian testifying in court.
12:32:06  20            THE COURT:  All right.  It's under advisement.
12:32:08  21    I'll give your brother an opportunity to be heard on the
12:32:11  22    papers, if he wishes to be heard on the papers.
12:32:13  23        All right.  Thank you, Counsel.
12:32:25  24        (Court in recess, 12:32 p.m.)
12:32:25  25
```

```
 1                          ---
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**APP.10**

```
 1
 2
 3                         CERTIFICATE
 4
 5           This document is hereby certified
 6         to be a true and accurate transcript
 7            of the foregoing proceedings.
 8
 9
10       /s_____      February 9, 2017
              Chandra Kean, RMR                    DATE
11           Official Court Reporter
```